NO. 07-02-0273-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2002

_____

ALFRED STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-425561; HONORABLE MACKEY K. HANCOCK, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a plea agreement, appellant Alfred Stone was convicted of aggravated sexual assault and punishment was assessed at 18 years confinement on October 15, 1998. On June 24, 2002, appellant filed a *pro se* notice of appeal alleging jurisdictional defects. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2 & 26.2(a)(1). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if an appeal is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant's sentence was imposed on October 15, 1998; thus, the deadline for filing a notice of appeal was Monday, November 16, 1998,[1] or 15 days thereafter if accompanied by a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure. A notice of appeal filed approximately 33 months after sentence was imposed does not invoke our jurisdiction.

On July 10, 2002, appellant also filed in this Court his docketing statement and a "Motion to Compel Delivery of Documents and Petitions." Attached to his motion are copies of a "Motion Requesting Return of Documents and Papers" and an order of the United States District Court for the Northern District of Texas, Lubbock Division, dismissing with prejudice his petition for a writ of habeas corpus as being "time-barred." Having

---

[1]The 30th day fell on Saturday, November 14, 1998, extending the deadline to Monday, November 16th. Tex. R. App. P. 4.1(a).

determined we are without jurisdiction to entertain appellant's purported appeal, we overrule his motion to compel for want of jurisdiction.

Accordingly, appellant's motion to compel delivery of documents and petitions and his purported appeal from his conviction for aggravated sexual assault are dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.